UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HENRY PAULINO, | : | |
| | : | |
| Petitioner, | : | Civ. No. 14-4538 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ERIC HOLDER, et al., | : | |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

### I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the following reasons, the habeas petition will be summarily dismissed for lack of jurisdiction.

### II.   BACKGROUND

Petitioner pled guilty to possession with the intent to distribute "Oxengoden" [sic] in the United States District Court for the Southern District of New York.  He received a forty-two month prison sentence on July 8, 2013.

Petitioner seeks a suspension of his deportation in this federal habeas action.  He states that he is twenty-eight years old and that he was brought to this country from the Dominican Republic when he was seven or eight years old.  He claims that he cannot be assured of firm

---

[1] Petitioner states that he is filing this action pursuant to 8 U.S.C. § 1505.  However, there does not appear to be any such statutory provision.  Accordingly, the Court construes this action as habeas action filed pursuant to 28 U.S.C. § 2241.

resettlement in the Dominican Republic as he does not have any relatives or rapport with any kin in the Dominican Republic.

### III.     STANDARD FOR SUA SPONTE DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

It is somewhat unclear from the face of the petition whether there is in fact an order of removal that has been entered against petitioner or whether petitioner is contesting the possibility of his removal after he completes serving his federal criminal sentence.  Nevertheless, what is clear is that petitioner is challenging his removal (whether potential or real and final) from the United States.  According to 8 U.S.C. § 1252, challenges to removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."

*Id.* § 1252(b)(2).[2]  Thus, for example, in seeking review of an order of removal lodged in this district, a petitioner must file his petition for review with the United States Court of Appeals for the Third Circuit, not this Court.  "'This rule cannot be circumvented by presenting the challenge as a habeas petition.'"  *Cena v. Hollingsworth*, No. 13-4489, 2013 WL 4039024, at *2 (D.N.J. Aug. 7, 2013) (quoting *Aldena v. Napolitano*, No. 10-3723, 2010 WL 5172875, at *1 (D.N.J. Dec. 14, 2010) (citing 8 U.S.C. § 1252(a)(5); *Khouzam v. U.S. Att'y Gen.*, 549 F.3d 235, 244-45 (3d Cir. 2008); *Jimenez v. Holder*, 338 F. App'x 194, 196 (3d Cir. 2009))).

Pursuant to the applicable law cited above, this Court lacks jurisdiction to consider in this action whether petitioner's deportation should be suspended.  When a petition is dismissed for lack of jurisdiction, a court has discretion to transfer that petition to a court that has jurisdiction.  Indeed, under 28 U.S.C. § 1631:

> [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for that court to

---

[2] Section 1252(a)(5) explains that:

> a petition for review filed with the appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added).

> **which it is transferred on the date upon which it was actually
> filed in or noticed for the court from which it is transferred.**

*Id.*

In this case, the Court will not transfer the petition. As previously explained, it is unclear from the face of the petition whether in fact petitioner has been ordered removed from this country. Thus, his petition for review/stay of removal before the appropriate Court of Appeals may be unripe at this time as perhaps no order of removal has yet to be entered. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citations omitted). Furthermore, even if petitioner has been ordered removed, the petition does not indicate in what judicial district the immigration judge completed the removal proceedings. For example, while petitioner is now incarcerated in New Jersey, his federal criminal sentence was entered in New York. Thus, even assuming *arguendo* that there is a final order of removal against petitioner, this Court cannot determine whether it would be appropriate to transfer this petition to the United States Court of Appeals for the Second or Third Circuit. *See* 8 U.S.C. § 1252(b)(2) (stating that challenge to removal shall be filed in court of appeals where immigration judge completed the proceedings). Accordingly, the interests of justice do not warrant transferring the petition.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.

DATED: August 1, 2014

                                                        s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge